IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA M. MAHONEY | : |
| | :    CIVIL ACTION |
| v. | : |
| | :    NO. 05-CV-2395 |
| LANCASTER COUNTY MOTORS, ET AL. | : |
| | : |

SURRICK, J.                                                                                                                                                                                                   MAY 8, 2006

## MEMORANDUM & ORDER

      Presently before the Court is Defendants Lancaster County Motors, Providence Pontiac GMC LLC, and Clark Adams's Motion to Dismiss (Doc. No. 6). For the following reasons, the Motion will be granted in part and denied in part.

**I.    FACTUAL BACKGROUND**

      For nineteen years, Plaintiff Tina M. Mahoney was employed as a Service and Parts Manager for the car dealership formerly known as Wenger Pontiac GMC ("Wenger") located in Quarryville, Pennsylvania. (Doc. No. 1 ¶ 8.) Approximately ten years ago, Plaintiff became disabled and has been confined to a wheelchair ever since. (*Id*. ¶ 17.) Nevertheless, Plaintiff continued her employment at Wenger. (*Id*. ¶ 20.)

      In January 2003, Wenger was sold to Providence Pontiac GMC LLC ("Providence"), a subsidiary of Lancaster County Motors ("LCM"). (*Id*. ¶ 21.) After the acquisition, Providence continued to employ Plaintiff. (*Id*. ¶ 22.) As an employee of Providence, Plaintiff reported to Defendant Adams, the Parts and Service Manager for the five dealerships owned and operated by LCM. (*Id*. ¶¶ 12-13, 23.)

      Plaintiff claims that beginning immediately after Adams assumed his position as her supervisor he treated her "differently and disparately." (*Id*. ¶¶ 25-26.) Specifically, Adams told

Plaintiff that she could not "do enough" due to her disability, that "women don't do as well as men," and that "women are unable to be managers." (*Id*. ¶¶ 26-27.)  In addition, Plaintiff was demoted from her position as Service and Parts Manager to Parts Manager only. (*Id*. ¶ 26.) Providence hired a younger, nondisabled male with no experience to replace Plaintiff as Service Manager. (*Id*. ¶ 29.)   Plaintiff further asserts that Adams "overly criticized" and "excessively scrutinized" her work, and that he privately and openly "humiliated, embarrassed, disgraced and demeaned" her. (*Id*. ¶ 40.)

In February 2003, Defendants removed the wheelchair-accessible entranceway at Providence that had existed for a long time and which Plaintiff had used to enter the showroom, front entrance, and bathroom. (*Id*. ¶ 33.)  Without this entranceway, Plaintiff had to maneuver her wheelchair up and down two "extremely steep ramps" approximately twenty-five to thirty times per day. (*Id*. ¶ 37.)  After the removal of the entranceway, Plaintiff repeatedly requested that Defendants construct an accessible wheelchair entrance. (*Id*. ¶ 34.)  Although Adams agreed that a wheelchair ramp should be constructed, Defendants took no action to construct one. (*Id*. ¶ 36.)  In mid-April 2003, Plaintiff was further demoted to the position of Parts and Service Counter employee. (*Id*. ¶ 30.)   On May 19, 2003, because of the actions directed against her by Defendants and the "intolerable work conditions" that resulted, Plaintiff resigned. (*Id*. ¶¶ 42, 44.)  Plaintiff contends Defendants "constructively discharged" her from her employment with Providence. (*Id*. ¶ 44.)

On June 26, 2003, Plaintiff filed a pro se Administrative Complaint with the Pennsylvania Human Relations Commission ("PHRC") against LCM, alleging sex and disability discrimination. (*Id* ¶ 47; Doc. No. 8 at 6.)  The Administrative Complaint, which consisted of

completed PHRC questionnaires, was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). (Doc No. 1 ¶ 47; Doc. No. 8 at 6.) Subsequently, the PHRC assisted Plaintiff in the preparation of an Amended Administrative Complaint, which was filed on December 1, 2003. (Doc. No. 8 at 6; Doc. No. 6 at 2.)

On March 5, 2004, Plaintiff's counsel, Nina B. Shapiro, entered her appearance at the PHRC and advised that the Amended Administrative Complaint should be revised to specifically include claims for retaliation and harassment. (Doc. No. 8 at 6-7.) On January 5, 2005, the PHRC notified Shapiro that it had served a copy of a Second Amended Administrative Complaint on Defendants. (*Id*. at 7.) Both the Amended Administrative Complaint and the Second Amended Administrative Complaint were duly filed with the EEOC. (*Id*. at Exs. B, F.)

On February 17, 2005, the EEOC issued a Notice of Right to Sue. (Doc. No. 1 at Ex. A.) On March 23, 2005, the PHRC issued a letter notifying Plaintiff of her right to bring an action against Defendants. (*Id*.) On May 19, 2005, Plaintiff filed the instant action. The Complaint alleges five claims: (1) violation of Title VII of the Civil Rights Act of 1964; (2) violation of the Americans with Disabilities Act ("ADA"); (3) violation of the Pennsylvania Human Relations Act ("PHRA"); (4) intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED"); and (5) negligent and reckless supervision. Defendants seek dismissal of the IIED and NIED claims in Count IV of Plaintiff's Complaint and dismissal of Plaintiff's ADA and PHRA claims to the extent they are based upon the theory of retaliation. (Doc No. 6 at 1-2.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim.  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Swin Res. Sys., Inc. v. Lycoming County*, 883 F.2d 245, 247 (3d Cir. 1989) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

In evaluating a motion to dismiss, all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the nonmoving party.  *Rock v. City of Phila.*, 868 F. 2d 644, 645 (3d Cir. 1989) (citing *Wisniewski v. Johns-Manville Corp.*, 759 F.2d 271, 273 (3d Cir. 1985)).  The court may dismiss a complaint, "only if it is certain that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Swin Res. Sys., Inc.*, 883 F.2d at 247.

## III.  LEGAL ANALYSIS

### A.  Plaintiff's IIED/NIED Claims Against Defendants LCM and Providence

Defendants argue that Plaintiff's claims for IIED and NIED (Count IV) should be dismissed because they are preempted by the exclusivity provision of the Pennsylvania Workers' Compensation Act ("PWCA"), 77 Pa. Cons. Stat. § 481(a).  (Doc. No. 6 at 5.)  Plaintiff responds that dismissal is unwarranted because both of these claims fall within the narrow "personal animus" exception to the PWCA's exclusive remedy provision.  (Doc. No. 8 at 8).

The exclusive remedy provision of the PWCA states in relevant part:

> The liability of an employer under this act shall be exclusive and in the place of any and all other liability to such employe[e]s . . . entitled to damages in any action at law or otherwise on account of any injury or death as defined in [77 Pa.

> Cons. Stat. § 411] or occupational disease as defined in [77 Pa. Cons. Stat. § 27.1].

77 Pa. Cons. Stat. § 481(a). The term injury as used in § 481(a) is defined as "an injury to an employe[e], regardless of his previous physical condition, *arising in the course of his employment* and related thereto." *Id.* § 411(1) (emphasis added). Under Pennsylvania law, an employee injured in the course of his or her employment, or any activity related to his or her employment, generally cannot maintain a cause of action sounding in tort against his or her employer. *Kline v. Arden H. Verner Co.*, 469 A.2d 158, 160 (Pa. 1983). However, the PWCA does provide a narrow exception to the exclusive remedy provision. This is known as the "personal animus" or "third party attack" exception. *Joyner v. Sch. Dist. of Phila.*, 313 F. Supp. 2d 495, 503 (E.D. Pa. 2004). Under the PWCA, "the term 'injury arising in the course of employment'" does not include "an injury caused by the act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment." 77 Pa. Cons. Stat. § 411(1). Thus, claims based on "employee injuries caused by the intentional conduct of third parties for reasons personal to the tortfeasor and not directed against him as an employee because of his employment" may be actionable. *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 160 (3d Cir. 1999).

To state a cognizable claim under the personal animus exception, an employee must demonstrate that the injury that he or she suffered "resulted from an intentional act . . . committed by a co-worker or someone else other than the employer." *Hettler v. Zany Brainy, Inc.*, Civ. A. No. 99-3879, 2000 U.S. Dist. LEXIS 14537, at *13 (E.D. Pa. Sept. 26, 2000). "[T]he act cannot be one which would be expected in the workplace," and the tortfeasor "must have been motivated by personal animus." *Id*. The "critical inquiry" in determining whether the

5

personal animus exception applies "is whether the attack was motivated by personal reasons, as opposed to generalized contempt or hatred, *and* was sufficiently unrelated to the work situation so as to not arise out of the employment relationship." *Fugarino v. Univ. Servs.*, 123 F. Supp. 2d 838, 844 (E.D. Pa. 2000) (emphasis added). Pennsylvania law presumes that an injury is work-related when it occurs on the employer's premises. *Abbott v. Anchor Glass Container Corp.*, 758 A.2d 1219, 1224 (Pa. 2000).

   1. IIED

Generally, IIED claims arising out of an employment relationship are barred by the exclusivity provision of the PWCA. *Imboden v. Chowns Commc'ns*, 182 F. Supp. 2d 453, 456 (E.D. Pa. 2002) (citing *Matczak v. Frankford Cany & Chocolate Co.*, 136 F.3d 933, 940 (3d Cir. 1997)). Although exceptions have been found with respect to certain IIED claims predicated upon sexual or racial harassment, *see Lang v. Seiko Instruments USA, Inc.*, Civil A. No. 96-5398, 1997 U.S. Dist. LEXIS 167, at *9 (E.D. Pa. Jan. 14, 1997), courts in this District "have consistently held that the PWCA is the exclusive remedy against an employer where a claim for intentional infliction of emotional distress is based upon discriminatory conduct." *Flemming v. Kramont Employer Royce Realty, Inc.*, Civ. A. No. 02-2703, 2002 U.S. Dist. LEXIS 15806, at *14-15 (E.D. Pa. Aug. 16, 2002) (citing *Taylor v. City of Phila.*, Civ. A. No. 01-2635, 2001 U.S. Dist. LEXIS 17380, at *2-3 (E.D. Pa. Sept. 24, 2001); *see also DeWeyer v. Temple Univ.*, Civ. A. No. 00-1655, 2001 U.S. Dist. LEXIS 1141, at *14 (E.D. Pa. Feb. 5, 2001).

In *DeWeyer v. Temple University* the court dealt specifically with an IIED claim in the context of disability discrimination. *DeWeyer*, 2001 U.S. Dist LEXIS 1141, at *14. The court observed that the personal animus exception would not apply where the alleged discrimination

against a disabled plaintiff, manifested through "reprimands, suspensions, criticisms, and requiring [her] to park other than where she desired," occurred "only at the work place . . . and therefore [was] entirely related to the work situation and arose solely from the employment relationship." *DeWeyer*, 2001 U.S. Dist. LEXIS 1141, at *14.

Here, as in *DeWeyer*, Plaintiff's IIED claim is predicated upon actions which arose out of the employment relationship. Specifically, Plaintiff complains that she was demoted twice, falsely accused of poor performance, subjected to comments that her disability inhibited her performance, and that Defendants failed to accommodate her disability. (Doc. No. 1 ¶¶ 42- 43.) Since Plaintiff's allegations are "entirely related to the work situation and arose solely from the employment relationship," Plaintiff cannot invoke the personal animus exception.

With regard to Plaintiff's sexual harassment claim, the Third Circuit has noted that there is a split of authority on the question of whether IIED claims predicated upon sexual harassment fall within the scope of the personal animus exception. *Durham*, 166 F.3d at 160. Nevertheless, that court has observed that IIED claims based upon sexual harassment, arising within an employment relationship, are generally preempted by the PWCA. *Id*. at n.16. The court stated in *Durham* that it understood "Pennsylvania law to extend worker's compensation preemption to personal animosity that develops from work-related events" and that "[s]exual harassment is a well-recognized workplace problem." *Id*. Several courts in this District have recently adopted this view. *See Hancuff v. Prism Techs. & Assemblies, LLC*, 357 F. Supp. 2d 828, 834 (W.D. Pa. 2005); *McGovern v. Jack D's, Inc.*, Civ. A. No. 03-5547, 2004 U.S. Dist. LEXIS 4326, at *10 (E.D. Pa. Feb. 25, 2004). In *Hancuff*, for example, the court held that "'ordinary' sexual harrassment claim[s] occurring in the workplace . . . [are] preempted by the PWCA." *Hancuff*,

357 F. Supp. 2d at 834 (citing *Durham*, 166 F.3d at 160 n.16).  In so holding, the court determined that the personal animus exception did not apply where the plaintiffs alleged that the defendant "intentionally committed harassing acts [at the workplace] in pursuit of his personal goal of sexual gratification."  *Id.* at 833-34.  The *Hancuff* court noted, however, that "had the sexual harassment alleged . . . been 'more disconnected from the work situation'" the personal animus exception may have been applicable.  *Id.* at 835 (quoting *Durham*, 166 F.3d at 160 n.16); *see also Brooks v. Mendoza*, Civ. A. No. 00-5045, 2002 U.S. Dist. LEXIS 4991, at *10 (E.D. Pa. Mar. 25, 2002) (holding that the PWCA "does not preempt intentional infliction of emotional distress claims where the sexual harrassment was personal in nature and not part of the proper employer-employee relationship").

In this case, the discrimination is alleged to have occurred at the workplace and is tied closely to the employer-employee relationship.  Moreover, the discrimination was not personal in nature.  Plaintiff claims that she was demoted twice, replaced by a younger inexperienced male, falsely accused of poor performance, overly criticized, and subjected to derogatory comments about women's abilities as managers.  (Doc. No. 1 ¶¶ 27-29, 40-41.)  It is apparent that the acts of sex discrimination alleged by Plaintiff are focused entirely on the workplace.  We therefore conclude that Plaintiff's IIED claim is preempted by the PWCA.

      **2.  NIED**

Plaintiff's NIED claim must also be dismissed.  Our courts have consistently held that the PWCA "preempts [NIED] claims and . . . that the personal animus exception does not apply to such claims."  *Williams v. Univ. of the Scis.*, Civ. A. No. 02-CV-7085, 2004 U.S. Dist. LEXIS 21799, at *4 (E.D. Pa. Oct. 27, 2004).  The personal animus exception applies to injuries "caused

by an act of a third person *intended* to injure the employee," as opposed to those injuries which are negligently caused. 77 Pa. Cons. Stat. § 411(1) (emphasis added). Thus, "[w]hile the personal animus exception to the PWCA supports the possibility of a claim of intentional infliction of emotional distress, a negligent infliction claim is by its very terms excluded." *Pryor v. Mercy Catholic Med. Ctr.*, Civil A. No. 99-0988, 1999 U.S. Dist. LEXIS 16084, at *6 (E.D. Pa. Oct. 19, 1999); *see also Imboden*, 182 F. Supp. 2d at 456 ("Although there may be an exception . . . for claims of [IIED], there is no such exception for [NIED] claims." (internal citations omitted)).

### B. Plaintiff's IIED/NIED Claims Against Defendant Clark Adams

The analysis of Plaintiff's IIED and NIED claims against Adams differs from the analysis of these claims with respect to LCM and Providence. The PWCA's exclusivity provision only relates to an employer's liability. *Armbruster v. Epstein*, Civ. A. No. 96-1059, 1996 U.S. Dist. LEXIS 7459, at *21 (E.D. Pa. May 31, 1996). Since Adams was Plaintiff's co-worker,[1] his liability must be analyzed under 77 Pa. Cons. Stat. § 72. *Id.* (citing *Holdampf v. Fid. & Cas. Co.*, 793 F. Supp. 111, 113 (W.D. Pa. 1992), *aff'd without op.*, 16 F.3d 403 (3d Cir. 1993)).

Section 72 states:

> If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, *except for intentional wrong*.

---

[1] A supervisor, like Adams, is a co-employee for purposes of the PWCA. *See Lentz v. Gnadden Huetten Mem'l Hosp.*, Civ. A. No., 04-3147, 2004 U.S. Dist. LEXIS 22744, at *2, 9 (E.D. Pa. Nov. 8, 2004) (holding plaintiff properly stated IIED claim under 77 Pa. Cons. Stat. § 72 against three of her supervisors).

77 Pa. Cons. Stat. § 72 (emphasis added).  Thus, the PWCA expressly contemplates liability for a co-employee whose intentional tortious conduct results in the injury of a fellow employee. *Armbruster*, 1996 WL 289991, at *7 (citing *Barber v. Pittsburgh Corning Co.*, 555 A.2d 766, 770 (Pa. 1989); *Kinnally v. Bell of Pa.*, 748 F. Supp. 1136, 1144 (E.D. Pa. 1990)).  Accordingly, the PWCA does not preempt Plaintiff's IIED claim as against Adams.

The Pennsylvania General Assembly, however, has "abrogated the common-law liability of one employee to another for negligence."  *Armbruster*, 1996 WL 289991, at *8 (quoting *Jadosh v. Goeringer*, 275 A.2d 58, 60 (Pa. 1971); *Apple v. Reichert*, 278 A.2d 482 (Pa. 1971)). Therefore, Plaintiff's NIED claim against Adams is barred by 77 Pa. Cons. Stat. § 72.

### C.  Plaintiff's Retaliation Claims

In her ADA and PHRA claims, Plaintiff alleges that Defendants retaliated against her because of her requests for accommodation.  (Doc. No. 1 ¶¶ 45, 55, 59; Doc. No. 8 at 6.) Defendants argue that Plaintiff's ADA and PHRA claims are time-barred to the extent they are predicated upon retaliation.  (Doc. No. 6 at 7.)  Plaintiff contends that her retaliation claims were timely brought in light of PHRC and EEOC regulations regarding the amendment of administrative complaints.  (Doc. No. 8 at 10-11.)

Under both the ADA and PHRA, a Plaintiff must file an administrative charge or complaint with the appropriate agency—the EEOC and PHRC, respectively—as a prerequisite to filing a lawsuit in court.  *See Sessa v. Sears Roebuck & Co., Inc.*, Civ. A. No. 03-5447, 2004 U.S. Dist LEXIS 20067, at *6 (E.D. Pa. Sept. 29, 2004) (the ADA "adopts the enforcement scheme and remedies of Title VII," and therefore, the "timely filing of a charge with the EEOC is a prerequisite to a civil suit" (citing 42 U.S.C. 12117(a); *West v. Phila. Elec. Co.*, 45 F.3d 744,

754 (3d Cir. 1995))); *see also Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917, 919-20 (Pa. 1989) (holding that a plaintiff seeking relief under the PHRA must first utilize the administrative remedies available through the PHRC). The ADA requires an employee to file a charge of discrimination with the EEOC within 300 days of the alleged act of discrimination. *Lit v. Infinity Broad. Corp. of Pa.*, Civ. A. No. 03-3413, 2005 U.S. Dist. LEXIS 19927, at *6 (E.D. Pa. June 8, 2005) (internal citations omitted). Under the PHRA, an employee must file an administrative complaint with the PHRC within 180 days. *Id.* at *6-7 (citing 43 Pa. Cons. Stat. §§ 959(h), 962).

Once an employee has timely filed an administrative charge with the EEOC, the employee may amend his or her charge by "alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge." 29 C.F.R. § 1601.12(b). Such amendments "will relate back to the date the [original] charge was first received." *Id.* "In determining the content of the original complaint . . . [courts must] keep in mind that charges are most often drafted by one who is not well versed in the art of legal description." *Hicks v. ABT Assoc., Inc.*, 572 F.2d 960, 965 (3d Cir. 1978) (citing *Tillman v. City of Boaz*, 548 F.2d 592, 594 (5th Cir. 1977)). Therefore, "the scope of the original charge should be liberally construed." *Id.*

Similarly, after an administrative complaint has been filed with the PHRC, it may be amended "to cure technical defects or omissions, to clarify or amplify allegations made therein, or to add material allegations which are related to or grow out of the subject matter of the original complaint, and these amendments shall relate back to the original filing date of the complaint." 16 Pa. Code § 42.35(b). The Pennsylvania General Assembly has mandated that

"the provisions of [the PHRA] shall be construed liberally for the accomplishment of the purposes thereof." *Brown Transp. Corp. v. Commonwealth of Pa.*, *Pa. Human Relations Comm'n.*, 578 A.2d 555, 559 (Pa. Commw. Ct. 1990), *overruled on other grounds by Hoy v. Angelone*, 720 A.2d 745, 750 n.5 (Pa. 1998).

Here, Plaintiff timely filed an Administrative Complaint on June 26, 2003, alleging that she was demoted on two occasions and that she had made requests for the construction of a wheelchair accessible ramp. (Doc. No. 8 at Ex. A.) On December 1, 2003, Plaintiff filed an Amended Administrative Complaint, wherein she more specifically alleged that she "requested Adams to have ramps constructed" and that she was demoted from Parts Manager to a Parts and Service Counter employee in mid-April 2003. (*Id*. at Ex. B ¶¶ 25, 32.) On March 5, 2004, counsel for Plaintiff wrote to the PHRC and specifically advised that Plaintiff was pursuing claims on hostile work environment/harassment and retaliation. (Doc. No. 8 at Ex. 6.) Finally, in her Second Amended Administrative Complaint, filed on December 11, 2004, Plaintiff set forth a specific claim for retaliation, alleging that Defendants "demoted [her] and issued [her] disciplinary action in retaliation for [her] requests for accommodation." (*Id*. at Ex. F ¶ 57.)

Despite the fact that Plaintiff did not specifically enumerate her retaliation claim as a separate and distinct count until the March 5, 2004 letter from her counsel and the Second Amended Administrative Complaint, the facts on which these claims are based were expressed in both the Administrative Complaint and the Amended Administration Complaint. The March 5th letter and Plaintiff's Second Amended Administrative Complaint merely add material allegations related to the subject matter of the Administrative Complaint in accordance with 29

C.F.R. § 1601.12 and 16 Pa. Code § 42.35.[2]  We are satisfied that Plaintiff timely filed her retaliation claims with both the PHRC and EEOC.

An appropriate Order follows.

---

[2] Alternatively, Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted with respect to claims for retaliation based upon her sex or disability claims.  (Doc. No. 6 at 8.)  Specifically, Defendants contend that Plaintiff has failed to allege that she engaged in a protected activity, a requisite element of a retaliation claim.  (*Id.* (citing *Straining v. AT&T Wireless Servs., Inc.*, 144 Fed. Appx. 229, 232 (3d Cir. 2005)).  We read Plaintiff's Complaint to only assert a claim for retaliation under the ADA and/or the PHRA predicated solely upon her requests for accommodation.  (Doc. No. 1 ¶¶ 34, 36, 41, 45, 55, 59.)  Defendants concede that Plaintiff's requests for the construction of the wheelchair accessible ramp were protected activities.  (Doc. No. 6 at 8.)  To the extent that Plaintiff is pursuing a claim for retaliation on any other theory, Defendant is correct that Plaintiff has failed to state a claim upon which relief can be granted.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TINA M. MAHONEY | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 05-CV-2395 |
| LANCASTER COUNTY | : | |
| MOTORS, ET AL. | : | |

## **ORDER**

AND NOW this 8th day of May, 2006, upon consideration of Defendants Lancaster County Motors, Providence Pontiac GMC LLC, and Clark Adams's Motion to Dismiss (Doc. No. 6), and all papers submitted in support thereof and in opposition thereto, it is ORDERED that Defendants' Motion is GRANTED in part and DENIED in part, as follows:

1.  Plaintiff's claim for Negligent Infliction of Emotional Distress is DISMISSED as to all Defendants.

2.  Plaintiff's claim for Intentional Infliction of Emotional Distress is DISMISSED as to Defendants Lancaster County Motors and Providence Pontiac GMC LLC.

3.  Defendants' Motion with respect to Plaintiff's claim for Intentional Infliction of Emotional Distress against Defendant Clark Adams is DENIED.

4.  Defendants' Motion with respect to Plaintiff's retaliation claims under the Americans with Disabilities Act and the Pennsylvania Human Relations Act is DENIED.

IT IS SO ORDERED.

BY THE COURT:

/s R. Barclay Surrick

_____
R. Barclay Surrick, Judge